SUMMARY ORDER
Petitioner Nadeem Anwar, a native and citizen of Pakistan, seeks review of an August 9, 2007, order of the BIA, No. A 95-102-165, affirming the November 14, 2005 decision of Immigration Judge (“IJ”) Michael W. Strauss denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the facts and the procedural history of this case, and the scope of the issues presented by this petition.
*109 Anwar seeks asylum, withholding of removal, and CAT relief based on his alleged significant involvement in politics in Pakistan as a member of the Pakistan Muslim League (“PML”). He asserts, among other things, that as a result of his membership in the PML and his outspoken political views, he was imprisoned, beaten, and that his life was threatened, forcing him to flee to the United States. The IJ found that Anwar was not credible in light of several discrepancies between his testimony and records he submitted to the court. The BIA affirmed.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, as the BIA did here, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the IJ’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008) (internal quotation marks omitted). Under this standard, we uphold an adverse credibility ruling if it is supported by “reasonable, substantial, and probative evidence” in the record when considered as a whole. See Diallo v. I.N.S., 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted).
We conclude that the IJ’s finding that a newspaper article that Anwar submitted was “fabricated” simply because it contained false information was not supported by substantial evidence. Newspapers have been known to contain false information about subjects of their articles without the connivance of the subjects. We nonetheless conclude that there were sufficient discrepancies between Anwar’s testimony and the records he submitted such that the adverse credibility ruling was supported by substantial evidence. The IJ’s reliance on a discrepancy relating to when Anwar received a letter of commendation was supported by substantial evidence in that the tense of the letter clearly indicated that it was written after Anwar’s party had come to power, despite Anwar’s insistence that he received it while the party was in opposition. Of more significance, the IJ correctly pointed out a discrepancy between Anwar’s testimony and a letter sent by his attorney in Pakistan relating to an alleged false charge brought against him. The discrepancy between Anwar’s testimony and the letter — related to who brought the alleged false charge against him — goes to the heart of Anwar’s claims of persecution because it involves the identity of his persecutor in a concrete and recent example of his alleged persecution. Based on these and other discrepancies, we find that the IJ’s adverse credibility ruling was supported by substantial evidence. Because we conclude that all other issues raised by Anwar are without merit, we deny his petition for review.
For the foregoing reasons, the petition for review of the order of the BIA, is hereby DENIED.